UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KAREN HALFORD | * | CIVIL ACTION |
| | * | |
| | * | NUMBER 2:10-cv-03432 |
| VERSUS | * | |
| | * | DIVISION "A" MAGISTRATE: 2 |
| AEGIS SECURITY INSURANCE | * | |
| COMPANY | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE WILKINSON, JR. |

_____

### MEMORANDUM IN OPPOSITION TO DEFENDANTS'
### AEGIS SECURITY INSURANCE COMPANY   MOTION TO DISMISS

**NOW INTO COURT,** through undersigned counsel, come Plaintiff, Karen Halford, for

the purpose of opposing Defendants Aegis Security Insurance Company (hereinafter known as

"Aegis"), Motion to Dismiss  in the above-entitled action on the grounds that the plaintiff's claim

has not prescribed as provided for in *La. R.S. 22:868 (B)*. Plaintiffs in the above-entitled and

numbered cause, with respect represent:

I.      **INTRODUCTION:**

Aegis now moves the Court for Motion to Dismiss finding that the Plaintiff's claim under

the homeowner's policy is prescribed. Aegis argues that the Plaintiff damages occurred on

September 1, 2008, yet she did not file suit until September 1, 2010. Since the claim is subject to

a one-year prescriptive period pursuant to the terms of the  olicy the Plaintiff's claim is

prescribed and should therefore be dismissed.

In response, the Plaintiff asserts that her claim is subject to a twenty-four month

prescriptive pursuant to *La. R.S. 22:868 (B) (Renumbered from La. R.S. 22:691 which required a*

*suit be commenced "within twelve months next after the inception of the loss)*, the legislature extended the prescriptive period for this a first party claim which would include a homeowner's claim, effective January 1, 2008.

## II      LAW AND ANALYSIS

*La. R.S. 22:868 (B)* states specifically in part:

> B. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement limiting right of action aga      the insurer to a period of less than twenty-four months next after the inception of the loss when the claim is a first-party claim, as defined in *R.S. 22:1692*,[1] and arises under any insurance classified and defined in *R.S. 22:47(6)*, (7), (10), (11), (12), (13), and (15)[2] or to a period of less than one year from

---

[1] Which defines a first party claim as, "(3) "First-party claim" means a claim made by an insured or a policyholder under an insurance policy or contract that arises out of the occurrence of the contingency or loss covered by the policy or contract.

[2] which states in pertinent part:
> 10) Fire and allied lines.
> (a) Insurance against loss or damage by fire, smoke and smudge, lightning, or other electrical disturbances.
> (b) Insurance against loss or damage by earthquake, windstorms, cyclone, tornado, tempests, hail, frost, snow, ice, sleet, flood, rain, drought, or other weather or climatic conditions including excess or deficiency of          or rising of the waters of the ocean or its tributaries.

the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.

*La. R.S. 22:868 (C)* states that, "Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract." Therefore all the provisions cited by the defendant, Aegis, as being a part of the contract and validly enforceable would be considered void and have no effect on prescription. Prescription is now legislatively deemed to be twenty-four months or longer on all first party claims, which would include a homeowner's such as the plaintiff, Karen Halford.

In a case from 2009 from the United States District Court for the Eastern District of Louisiana, *Eric Holy v State Farm Fire & Cas., Co., 2009 U.S. Dis  Lexis 4722,* the court stated that, "In the instant case, two statutes are at issue. La. Rev. Stat. § 22:868 states "No insurance contract delivered or issued for delivery in this state …shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss…" (renumbered from La. Rev. Stat. § 22:629, which provided for a twelve month prescriptive period.). *La. Rev. Stat. §22:1311* sets forth the standard provisions of policies of fire insurance. This provision states, "Suit--No suit or action on this policy for the recovery of any first- party claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have        complied with, and unless commenced within twenty-four months next after the inception of the loss." (renumbered from *La. Rev. Stat. §22:691*, which required that suit be commenced "within twelve months next after the inception

of the loss."). This law was enacted on January 1, 2008 by Acts 2007 Number 43, Section 1, extending the prescriptive period on all first party c ims from twelve to twenty-four months.

The defendant spends a great deal of time addressing the standard for granting a 12 (B)(6) motion, and also addressing general contract law. However nowhere in their brief do they cite a first party claim that has been dismissed for prescription and disagrees with La. *R.S. 22:868 (B)*. The defendants did mention a third party claim but if you review the statute it does not cover third party claims. Therefore the case cited by the defendants containing a third party claim *Wolfe World, LLC v. Stumpf, 43 So.2d 311 (La.App. 4th Cir. 2010)* is distinguishable and would not apply to the case at bar. The rest of the defendant motion as mentioned previously rest on the policy/contract and what is contained within that policy/contract. However policy/contract provisions addressing prescription have been legislatively over-ruled by *La. R.S. 22:868 (B).*

**III      CONCLUSION**

WHEREFORE Plaintiffs respectfully request that the Court deny Aegis's Motions to Dismiss. After a careful review of the Law and Memorandum provided to this Court, plaintiff urges that Defendants contentions are clearly without          Accordingly, Defendants Motions to Dismiss should be DENIED.

**SIGNATURE BLOCK ON NEXT PAGE**

Respectfully submitted,
**WILLIAM J. SALVAGGIO, LLC**
_____**S/** *William J. Salvaggio*_____
**William J. Salvaggio (#28211)**
3350 Ridgelake Drive, Suite 237
Metairie, Louisiana 70002-3831
Telephone:  (504) 836-3885
Telecopier:  (504) 218-7319
Electronic Mail:        wsalvaggio@aol.com
***Attorney for Plaintiff-Karen Halford***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2010   I electronically filed the foregoing Disclosure of Experts with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

_____**S/** *William J. Salvaggio*_____

**William J. Salvaggio**

Case 2:10-cv-03432-JCZ-JCW   Document 9   Filed 11/16/10   Page 6 of 6