UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KAREN HALFORD | * | CIVIL ACTION |
| | * | |
| | * | NUMBER 2:10-cv-03432 |
| VERSUS | * | |
| | * | JUDGE JAY C. ZAINEY |
| AEGIS SECURITY INSURANCE | * | |
| COMPANY | * | MAGISTRATE WILKINSON, JR. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **PLAINTIFF'S STATUS REPORT**

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Karen Halford, for the purpose of responding to the defendant Aegis Security Insurance Company's mischaracterization of the current status of the above matter in defendants, Status Report as follows:

Plaintiff's counsel is only submitting this response as a result of what plaintiff and plaintiff's counsel feels is a mischaracterization of the current status of the case. Undersigned counsel was not in the office during the middle of last week and was unable to respond to Mr. Peyton's phone calls and email. However upon reading the defendant Aegis Security Insurance Company's (hereinafter known as "Aegis") version of events the plaintiff through undersigned counsel felt the need to respond to the Status Report and file a Status Report from the plaintiff.

The first thing that plaintiff and plaintiff's counsel feels is mischaracterized is the fact that is that the plaintiff has not provided a settlement offer there were attempts made via phone conversations in November whereby plaintiff counsel conveyed numbers with regard to what we feel it would take to settle this matter. Therefore the defendant is well aware of what the plaintiff would accept to settle this matter. The disagreement in the above matter was and continues to be

1

that Aegis feels that they have paid some of these damages in prior claims. Aegis's contention is that the damages to plaintiff, Karen Halford's home located at 143 Chisholm Trail, Thibodaux, Louisiana 70301 predate the events relating to Hurricane's Gustav and Ike.

The defendant Aegis is well aware that the plaintiff had an adjuster working on their behalf prior to undersigned counsel's hiring and the filing of the instant matter. The plaintiff, Karen Halford hired Claims Consulting, LLC and adjuster Anthony Odeh who provided Aegis with an estimate during the claims process on the Ms. Halford's home. When negotiations, in the current matter began, Claims Consulting, LLC was asked for a copy of the original estimate previously provided to Aegis, during the claims process. We were informed by Mr. Odeh that he would have to reproduce this report due to the fact that the computer with original report had crashed. Mr. Odeh, did however say, he could reproduce the estimate from his notes but that it would take some time.

In December 2010 the issue with regard to original report was discussed with defense counsel. Plaintiff then asked for a copy of the old report and any other information that Aegis may have regarding previous claims so that we could give them an accurate portrayal of the current damages.  Aegis's response was that they need a new copy of the plaintiff's report to make the comparison of damages. Undersigned then conveyed to defense counsel that Claims Consulting, LLC would take some time to prepare the report again. This conversation took place in approximately December.

In January we had the scheduling conference on January 27, 2011. On February 21, 2011 we provided defense counsel with an estimate that encompasses both storms and was written by

2

Claims Consulting, LLC just as the previous estimate was. Plaintiff was expecting the defendant to look at the other claims, distinguish the damages, and respond with an offer. Instead Aegis responded by filing an Answer to the Petition and sending a Rule 26(a)(1) disclosures.

In summary plaintiff's counsel has had numerous conversations with defense counsel regarding the estimate provided to them previously and the amount they sought to settle this matter. The plaintiff and the defense then worked together to gather the necessary documents together to attempt settlement of this matter. Once the new estimate was provided from the Claims Consulting, LLC, the same party that provided the estimate during the claims process, plaintiff and plaintiff's counsel felt we would continue settlement negotiations. Therefore the plaintiff incorrectly thought the settlement process would continue and Aegis would dispute the portions of the estimate it felt it had paid make an offer to negotiate settlement. If the plaintiff is incorrect in what it thought was an ongoing settlement process we will immediately forward our initial disclosures. However, our initial disclosures will not enlighten the defendants to any additional facts or issues Aegis are unaware of, because the defendants are already aware of the parties, and issues involved with this matter.

RESPECTFULLY SUBMITTED,

**William J. Salvaggio, LLC**
       *S/ William J. Salvaggio*       
**William J. Salvaggio (LA Bar # 28211)**
3350 Ridgelake Drive, Suite 237
Metairie, Louisiana 70002
Telephone:     (504) 836-3885
Facsimile:     (504) 301-9735
Electronic Mail:     wsalvaggio@aol.com
***Attorneys for the Plaintiffs***

3

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that the foregoing has been served on all counsel of record by placing a copy of same Via ECF by the Federal Court, this 6th day of March, 2011.

                                                                      _*S/ William J. Salvaggio*_
                                                                      William J. Salvaggio